## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims (hereinafter, "Agreement") is entered into between REGINO PEREZ, and said individual's heirs, executors, administrators, successors, assigns, and attorneys (hereinafter collectively referred to as "PLAINTIFF"), and ENERGY FUEL CAFE INC. (d/b/a ENERGY FUEL), and said company's successors, predecessors, parents, their related domestic and foreign business entities, corporations, not-for-profit corporations, partnerships, and subsidiaries, as well as their respective current and former directors, officers, shareholders, partners, assigns, and successors in interest, representatives, agents, insurers, both in their representative and individual capacities, including, but not limited to VALI SONNY BARI, and attorneys (hereinafter collectively referred to as "DEFENDANTS"). PLAINTIFF and DEFENDANTS hereby agree as follows:

A.      WHEREAS, PLAINTIFF initiated a lawsuit filed in the United States District Court, Eastern District of New York, Docket Number 1:15-cv-03921-KAM-VMS, alleging violations under the Fair Labor Standards Act and New York State Labor Law allegedly committed by ENERGY FUEL CAFE INC. (D/B/A ENERGY FUEL) and VALI SONNY BARI (this lawsuit will hereinafter be referred to as the "Action");

B.      WHEREAS, DEFENDANTS have denied PLAINTIFF's claims and a bona fide dispute exists between the parties; and

C.      WHEREAS, PLAINTIFF and DEFENDANTS wish to avoid the uncertainties and expense of future proceedings in this matter and desire to forgo any and all future litigation; and the parties wish to settle this matter; and

1

D.      WHEREAS, PLAINTIFF has agreed to voluntarily discontinue the Action, with prejudice, in exchange for entering into this Agreement; and

D.      In light of the foregoing, based upon the foregoing premises and the consideration to be provided to PLAINTIFF and the other promises set forth below, DEFENDANTS and PLAINTIFF, intending to be legally bound, agree as follows:

1.      **Consideration to be provided to PLAINTIFF.**

In consideration for the promises made by PLAINTIFF set forth in the Agreement, DEFENDANTS promise to pay PLAINTIFF the total sum of Ninety Thousand Dollars ($90,000.00).   PLAINTIFF will receive this sum in three (3) payments, with the first payment to be distributed to PLAINTIFF within five (5) business days following the Court's approval of the Agreement.   The two (2) subsequent payments will each be distributed within thirty (30) days of the prior payment.   Each payment will be in the amount of Thirty Thousand Dollars ($30,000.00).

All payments will be made payable to "Michael Faillace & Associates, P.C., as attorneys," and shall be delivered to Michael Faillace & Associates, P.C., attention of Joshua Androphy, 60 East 42nd Street, Suite 2540, New York, New York 10165. PLAINTIFF agrees that he will be individually responsible for any taxes due on the consideration described in this paragraph, and PLAINTIFF also agrees to indemnify and hold harmless DEFENDANTS for any such liability.

Concurrently with the execution of this Agreement, Defendants Energy Fuel Cafe, Inc. and Vali Sonny Bari shall each execute and deliver to Plaintiffs' counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as **Exhibit A**. The Parties hereby acknowledge and agree that the Confession of Judgments will be held in

2

escrow by Plaintiffs' counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, and (ii) Defendants fail to cure such default within seven (7) business days of receipt of written notice (to be delivered to Defendants via their counsel, Brian Klein, Esq., at the address listed herein for notices under this Agreement).  Any such Notice of Default shall be deemed received seven (7) business days after it is mailed.

> **2.** **Adequate consideration.**

PLAINTIFF expressly stipulates that the consideration referred to in Paragraph 1 constitutes adequate and ample consideration for the rights and claims he is waiving under the Agreement and for the obligations imposed upon him by virtue of the Agreement. PLAINTIFF acknowledges that by signing the Agreement he is waiving any additional claim for attorneys' fees, expenses and/or liquidated damages, and there will be no further or separate claim for attorneys' fees, expenses and/or liquidated damages. PLAINTIFF expressly agrees and acknowledges that DEFENDANTS have promised to pay the consideration referred to in Paragraph 1 of the Agreement in exchange for the releases, waivers, and promises made by PLAINTIFF in the Agreement.

> **3.** **General release of all claims by PLAINTIFF and DEFENDANTS.**

PLAINTIFF, individually and/or collectively, voluntarily and irrevocably releases and forever discharges DEFENDANTS from and against any and all claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever (all collectively referred to herein as the "Disputes") with respect to any alleged acts occurring before the effective date of the Agreement.  The Disputes released by PLAINTIFF include, but are not limited to, any and all Disputes against DEFENDANTS concerning PLAINTIFF's

employment with or arising from his employment with DEFENDANTS.  The Disputes released by PLAINTIFF, individually and/or collectively, herein include those known or unknown, actual or contingent, in law, in equity, or otherwise, and whether based in tort, contract, statute, or any other basis. This release includes all Disputes by which PLAINTIFF could seek equitable relief, actual compensatory, consequential, punitive, special, multiple, or other damages, expenses (including attorneys' fees and costs), and all other reimbursements or charges of any kind.

The Disputes released by PLAINTIFF include any and all Disputes he has or may believe to have against DEFENDANTS, individually and/or collectively, arising under any federal, state, local, or foreign statute or regulation, individually or jointly, including, without limitation, those relating to the Fair Labor Standards Act and the New York State Labor Law.  The Disputes released by PLAINTIFF also include any and all Disputes he has or may believe to have against DEFENDANTS, individually or collectively, in contract or at common law.  PLAINTIFF also hereby releases DEFENDANTS for any claim of medical, psychiatric or psychological damage that PLAINTIFF believes he may have been subjected to in relation to any claims he has or may believe to have against DEFENDANTS, individually or collectively.

The reference herein to specific statutory, contract, and common law claims is in no way intended to limit the Disputes released by PLAINTIFF.  PLAINTIFF intends that the Disputes released by him herein be construed as broadly as possible to cover any and all Disputes he has or believes to have against DEFENDANTS, individually or jointly.  In that regard, PLAINTIFF further acknowledge that he may later discover facts in addition

4

to, or different from, those which he now knows or believes to be true with respect to the subject matter of the Agreement.

PLAINTIFF agrees that any such difference in the facts shall not affect the Agreement, that the PLAINTIFF assumes the risk of any such difference in the facts, and that he further agrees that the Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts. It is PLAINTIFF's intention to fully, finally, and forever resolve and release any and all Disputes he may have or believe to have against DEFENDANTS, individually or jointly, with respect to any alleged acts occurring before the effective date of the Agreement, whether those Disputes presently are known or unknown, suspected, or unsuspected.

Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff regarding events that have occurred as of the Effective Date of this Agreement.

**4**.     **No lawsuits or claims.**

PLAINTIFF promises and agrees not to institute or to have instituted on his behalf any lawsuit or claim against DEFENDANTS, other than the Action, with respect to any alleged acts occurring before the effective date of the Agreement. PLAINTIFF agrees that with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute, individually or jointly, but also that he is waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, the United States Department of Labor, the New York State Department of Labor, the United States Equal Employment Opportunity Commission, the New York State Division of Human Rights,

the New York City Commission on Human Rights, or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court.

     **5.**     **No Disputes pending or assigned by PLAINTIFF.**

     PLAINTIFF represents that he does not currently have pending before any court (U.S. or foreign) or before any federal, state, or local governmental agency (U.S. or foreign) any dispute of any kind against Energy Fuel Cafe Inc. (d/b/a Energy Fuel), or Vali Sonny Bari, either individually or jointly, other than the Action.  PLAINTIFF represents and agrees that he will not hereafter pursue, initiate, or cause to be instituted any dispute released herein against DEFENDANTS, either individually or jointly.  PLAINTIFF further represents that he has not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any dispute released by him herein.  PLAINTIFF agrees that upon executing the Agreement he will prepare and deliver, through their attorney, a Stipulation of Discontinuance, with prejudice, of the Action and file with the United States District Court, Eastern District of New York, upon this Court's approval of the Agreement.

     **6.**     **Affirmations by PLAINTIFF.**

     a.     As a result of the settlement of the Action as set forth in the Agreement, PLAINTIFF admits and acknowledges that he: (i) has had an opportunity to consult with an attorney and determine whether this settlement is reasonable and fully satisfies his claims against DEFENDANTS; (ii) has been paid and received all bonuses, payments, commissions, severance and benefits to which he may be entitled to from DEFENDANTS and that no leave (paid or unpaid) or other compensation is due to him as a result of the settlement; (iii) has been paid in full for all hours worked as a result of the settlement; (iv)

has reported all hours he allegedly worked as described in the Action; (v) understands that the consideration set forth in paragraph 1 of the Agreement shall not be considered wages for purposes of pension or any other employment related benefits; and (vi) understands he is not entitled to monies, relief or recovery whatsoever, except as set forth in paragraph 1 of the Agreement.

b.      PLAINTIFF has entered into the Agreement under his own free will and volition, upon consultation with his attorney.

**7.    Non-Disparagement.**

PLAINTIFF agrees that he will not make any comments that will disparage DEFENDANTS or any of DEFENDANTS' officers, partners, owners and/or employees. Likewise, DEFENDANTS agree that DEFENDANTS and DEFENDANTS' officers and owners will not disparage PLAINTIFF.  For purposes of this Agreement, the term "disparage" shall mean remarks, comments, statements, or communications (written or oral) that (i) reflect adversely on the business affairs or practices of the person being remarked or commented upon, or (ii) impugn the character, honesty, integrity, morality, business acumen or abilities in connection with any aspect of the operation of business of the person being remarked or commented upon.

Notwithstanding the foregoing, should PLAINTIFF or DEFENDANTS be served with a valid subpoena compelling either to provide testimony in connection with judicial and/or administrative proceedings, compliance with said subpoena or statements made during said testimony shall not, in and of itself, violate this paragraph. However, in the event PLAINTIFF or DEFENDANTS are served with a valid subpoena, the served party

shall notify the other party's counsel as soon as practical about the existence of such subpoena.

**8.      No admission of liability or wrongdoing.**

PLAINTIFF agrees that nothing contained in the Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by DEFENDANTS.  DEFENDANTS deny that they engaged in any wrongdoing of any kind with respect to PLAINTIFF.

**9.      Advice of counsel.**

All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing. The Parties hereby represent that each has consulted their attorney(s) about the Agreement before signing it.

**10.     Severability.**

Should any part of the Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

**11.     Governing law and interpretation.**

The Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

**12.      Disputes; Damages.**

In the event of a dispute as to the interpretation, application, or violation of the Agreement, it is understood and agreed that such dispute shall be resolved before the New York Supreme Court, New York County.  In any dispute concerning an alleged breach of this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs.

**13.      Number.**

The use of the singular form of any word herein includes the plural and vice versa.

**14.      Entire agreement.**

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in the Agreement. All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in the Agreement. All parties represent and agree that the Agreement is a single, integrated contract expressing the entire agreement of the parties regarding the subject matter of the Agreement. The Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both PLAINTIFF and representatives of DEFENDANTS.

**15.      Translation.**

PLAINTIFF acknowledges that he has received a copy of the Agreement in his regularly spoken language.  PLAINTIFF agrees that his attorneys' fees and expenses have been paid, and there will be no further or separate claim for attorneys' fees or expenses.

**16.      Notices**

Any notices required under this Agreement shall be made:

| TO PLAINTIFF: | TO DEFENDANTS: |
|---|---|
| c/o Michael Faillace, Esq. | c/o Brian Klein, Esq. |
| Michael Faillace & Associates, P.C. | Franklin, Gringer & Cohen, P.C. |
| 60 East 42nd Street, Suite 2540 | 666 Old Country Road, Suite 202 |
| New York, New York 10165 | Garden City, New York 11530 |
| T: 212.317.1200 | T: 516.228.3131 |

**PLAINTIFF UNDERSTANDS THAT THIS AGREEMENT COVERS ANY CLAIM FOR ATTORNEYS' FEES ARISING FROM THE ACTION, AND PLAINTIFF UNDERSTANDS THAT NEITHER HE NOR HIS ATTORNEYS MAY INSTITUTE A SEPARATE CLAIM FOR ATTORNEYS' FEES.**

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE**

CONSIDERATION, ENTERS INTO THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS, INDIVIDUALLY OR JOINTLY. THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

BOTH PARTIES UNDERSTAND, AGREE AND ACKNOWLEDGE THAT IN THE EVENT THAT A COURT OF APPROPRIATE JURISDICTION DETERMINES THAT THE MATERIAL TERMS AND CONDITIONS OF THE AGREEMENT WERE BREACHED, NEITHER PARTY WILL BE BOUND TO THEIR RESPECTIVE OBLIGATIONS UNDER THE AGREEMENT, INCLUDING, BUT NOT LIMITED TO, THE DEFENDANTS' OBLIGATION TO PAY THE AMOUNTS SET FORTH IN PARAGRAPH 1. THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.


_____          _____
REGINO PEREZ                                 ENERGY FUEL CAFE INC.
                                             (D/B/A ENERGY FUEL)


                                             By: _____, having full
                                             authority to contract on behalf of and
                                             bind ENERGY FUEL CAFE INC.
                                             (d/b/a ENERGY FUEL) .


Date: _____                Date: _____

Sworn to and subscribed before me this       Sworn to and subscribed before me
 __ day of March, 2016.                      this __ day of March, 2016.

Notary Public, State of New York             Notary Public, State of New York
Print Name:                                  Print Name:

11

_____

VALI SONNY BARI


Date: _____


Sworn to and subscribed before me
this __ day of March, 2016.


Notary Public, State of New York
Print Name:

SUPREME COURT OF THE STATE OF NEW YORK
_____ COUNTY
-------------------------------------------------------------X
Regino Perez, *individually and on behalf of others
similarly situated,*

                              *Plaintiff,*


           -against-                                          AFFIDAVIT OF
                                                              CONFESSION
                                                              OF JUDGMENT

ENERGY FUEL CAFÉ, INC. (d/b/a ENERGY
FUEL) and VALI SONNY BARI,

                              Defendants,

-------------------------------------------------------------X


STATE OF NEW YORK      )
                       ) ss.
COUNTY OF NEW YORK     )

        Vali Sonny Bari, being duly sworn, deposes and says:

        I, Vali Sonny Bari, am an owner of Energy Fuel Inc. with a principal place of

business located at 606A Fifth Avenue, Brooklyn, New York 11215.

        I reside at 27 Burrs Lane, Dix Hills, New York, 11746.

        I have authority to sign on behalf of Energy Fuel Inc. and I am duly authorized to

make this affidavit on the undersigned entity's behalf.

        On behalf of myself personally and on behalf of Energy Fuel Inc., I hereby confess

judgment and authorize entry of judgment against myself personally and against Energy

Fuel Inc. in favor of Plaintiff for the sum of $145,000, less any payments previously

received pursuant to the terms of the Settlement Agreement and General Release of Claims

dated March___, 2015 (the "Settlement Agreement"), signed by Plaintiff and Defendants

in the above-captioned proceeding, together with interest from the date of the default to the

1

date of entry of judgment, computed as provided in 28 U.S.C. §1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment against of each of Energy Fuel Inc.. and Vali Sonny Bari.

_____
                        Vali Sonny Bari
                        Individually, and as owner of Energy
                        Fuel Inc.

 Sworn to before me this
**____ day of _____of 2016**

_____
Notary Public

2

CORPORATE ACKNOWLEDGMENT
OF ENERGY FUEL INC.

STATE OF NEW YORK    )
                       ) ss:
COUNTY OF _____    )

        On the ___ day of _____, 2016, before me personally came Vali Sonny Bari, as the authorized manager of Energy Fuel Inc. to me known who, being by me duly sworn, did depose that he is the authorized manager of Energy Fuel Inc., and that he is the individual described in and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

                                          _____

__

                                          Notary Public

PERSONAL ACKNOWLEDGMENT OF VALI SONNY BARRI

STATE OF NEW YORK    )
                    ) ss:
COUNTY OF _____    )

        On the ___ day of _____ 2016, before me personally came Vali Sonny Bari, to me known who, being by me duly sworn, did depose and say that he is the individual described herein and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

                                          _____

__

                                          NotaryPublic

3